IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CRAIG MACK | § | |
| v. | § | CIVIL ACTION NO. 6:15cv958 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Craig Mack, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mack was convicted of the disciplinary violation of committing a felony offense. Specifically, he was charging with attempting to mail out UCC documents with purported commercial liens, bonds, and filings against government personnel. As punishment for this offense, Mack received a reduction in classification status from State Approved Trusty 3 to State Approved Trusty 4, 30 days of cell and commissary restrictions, and the loss of 45 days of good time. Mack is serving a life sentence and is thus ineligible for release on mandatory supervision. Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002).

Mack complained that the disciplinary charges were fraudulent and amounted to mail tampering. He also claimed that prison officials are involved in a conspiracy to keep him in prison for their own job security.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Mack's petition be dismissed because Mack failed to show the deprivation of a constitutionally protected liberty interest, as set out in <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In his objections, Mack argued that he was denied due process because he was denied the right to have an impartial witness represent him [sic], his counsel substitute works for TDCJ and was therefore prejudiced against him, prisoners with psychiatric problems must have their disciplinary cases cleared by the mental health department, the disciplinary cases were fabricated, his First Amendment rights were violated, and he was denied access to court.

Mack does not discuss the lack of a cognizable liberty interest which formed the basis of the Magistrate Judge's Report. He cites <u>Wolff v. McDonnell</u>, 418 U.S. 539, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), but the due process requirements of <u>Wolff</u> are applicable where a liberty interest is at stake, which is not the case here. <u>Sandin</u>, 515 U.S. at 484; *see also* <u>Madison v. Parker</u>, 104 F.3d 765, 767 (5th Cir. 1997) (punishments such as cell and commissary restrictions which do not implicate liberty interests do not raise due process concerns); <u>Hayes v. Quarterman</u>, civil action no. 4:08cv2501, 2009 U.S. Dist. LEXIS 57871 (S.D.Tex., July 7, 2009) (the due process requirements of <u>Wolff</u> only apply when the punishment imposed affects the length of the inmate's sentence or represents an atypical and significant hardship in relation to the ordinary incidents of prison life). Mack has not shown that the Magistrate Judge's Report was in error.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that the Petitioner Craig Mack is **DENIED** a certificate of appealability *sua sponte*.  Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 21st day of December, 2015.**


MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE